# Exhibit A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COZY, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOREL JUVENILE GROUP, INC. )<br>)<br>Defendant. )<br>) | C.A. No. 21-cv-10134-JGD |

## NOTICE OF SUBPOENA TO TRAVIS BROWN

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure and the applicable Local Civil Rules of the United States District Court for the District of Massachusetts, Defendant, Dorel Juvenile Group, Inc., by and through their counsel, will serve the enclosed subpoenas to Travis Brown, for testimony and for the production of documents, information, or objects, on or after October 3, 2022.

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Dorel Juvenile Group, Inc. demands, by subpoena, the production of documents and things from Travis Brown on or before **October 24, 2022**, to Alison Casey, Barnes & Thornburg LLP, One Marina Park Drive, Suite 1530, Boston, MA 02210, or another mutually agreeable location. A copy of the Subpoena to Produce Documents is enclosed as Attachment 1. The requested documents are identified in Exhibit A to the subpoena.

The subpoena for testimony requires the deposition of Travis Brown by oral examination on November 8, 2022, at Barnes & Thornburg LLP, 1717 Pennsylvania Avenue N.W., Suite 500, Washington D.C. 20006, beginning at 10:00 a.m. or such other time and place as determined by mutual agreement, and continuing day-to-day until concluded. A copy of the Subpoena to Testify at Deposition is enclosed as Attachment 2. The deposition will be conducted before a notary public or other officer duly authorized by administer oaths. The deposition will be recorded by stenographic and/or audiovisual means and may also be recorded by means of real time visual display of the stenographic record (e.g., LiveNote).

Dated: October 3, 2022                    Respectfully Submitted,

/s/ Alison C. Casey
Alison C. Casey (BBO #688253)
Robyn S. Maguire (BBO #660372)
Heather B. Repicky (BBO #663347)
BARNES & THORNBURG LLP
One Marina Park Drive, Ste. 1530
Boston, MA 02210
Telephone: (617) 316-5310
Email: alison.casey@btlaw.com
Email: robyn.maguire@btlaw.com
Email: heather.repicky@btlaw.com

Deborah Pollack-Milgate (*Admitted pro hac vice*)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone: (317) 236-1313
Email: deborah.pollackmilgate@btlaw.com

Mark Nahnsen (*Admitted pro hac vice*)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 214-4810
Email: mark.nahnsen@btlaw.com

*Counsel for Dorel Juvenile Group, Inc.*

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was sent electronically to the counsel of record listed below on October 3, 2022.

Joel Leeman (BBO #292070)
Kevin R. Mosier (BBO #703709)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
(617) 443-9292
jleeman@sunsteinlaw.com
kmosier@sunsteinlaw.com

Angela Tarasi (pro hac vice)
**KING & SPALDING LLP**
1400 16th Street
16 Market Square, Suite 400
Denver, CO 80202
(720) 626-2300
atarasi@kslaw.com

Dara M. Kurlancheek (pro hac vice)
**KING & SPALDING LLP**
1700 Pennsylvania Ave, NW, Suite 200
Washington, D.C. 20006-4707
(202) 626-5590
dkurlancheek@kslaw.com

Brent P. Ray (pro hac vice)
**KING & SPALDING LLP**
110 N Wacker, Suite 3800
Chicago, IL 60606
(312) 764-6925
bray@kslaw.com

Kenneth R. Adamo (pro hac vice)
**LAW OFFICE OF KRADAMO**
360 W. Illinois
Chicago, IL 60654
(312) 527-0620
kenneth@kradamo.com

Abby Parsons (*pro hac vice*)
**KING & SPALDING LLP**
1100 Louisiana St., Suite 4000
Houston, TX 77002
(713) 751-3200
aparsons@kslaw.com

# Attachment 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| Cozy, Inc. ) | |
| *Plaintiff* ) | Civil Action No. 21-cv-10134-JGD |
| v. ) | |
| Dorel Juvenile Group, Inc. ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Travis Brown

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A

| Place: Barnes & Thornburg LLP, One Marina Park Drive, Suite 1530, Boston, MA 02210 | Date and Time: 10/24/2022, 9:00 a.m. ET |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/3/2022

CLERK OF COURT

OR

_____     /s/ Alison Casey
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dorel Juvenile Group, Inc. _____, who issues or requests this subpoena, are:

Alison Casey, Barnes & Thornburg, One Marina Park Dr., Ste 1530, Boston, MA 02210, acasey@btlaw.com 617-316-5322

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 21-cv-10134-JGD

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COZY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOREL JUVENILE GROUP, INC., <br><br> Defendant. | Civil Action No. C.A. No. 21-cv-10134 |

## EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS & THINGS

### DEFINITIONS AND INSTRUCTIONS

**I. DEFINITIONS**

1. "The/This Action" shall mean the above-captioned lawsuit.

2. "You," "Your," "Yours," and "Yourself" refers to you, Travis Brown.

3. As used herein, "Plaintiff" and "Cozy" mean Cozy, Inc. and its officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates, and all previous owners of the Patents-in-Suit, their officers, directors, employees, partners, corporate parents, subsidiaries, and affiliates.

4. As used herein, "Defendant" and "Dorel" mean Dorel Juvenile Group, Inc. and its officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

5. As used herein, the "'298 Asserted Patent" means U.S. Patent No. 9,902,298.

6. As used herein, the "'739 Asserted Patent" means U.S. Patent No. 9,669,739.

7. As used herein, the "'835 Asserted Patent" means U.S. Patent No. 8,136,835.

8. As used herein, the "'416 Asserted Patent" means U.S. Patent No. 7,156,416.

9. As used herein, "Patents-in-Suit" means the '298, '739, '835, and '416 Asserted Patents collectively.

10. As used herein, "Accused Product(s)" means any of Defendant's products that Plaintiff has alleged infringe any claim of the Patents-in-Suit.

11. As used herein, "all" and "each" shall include "each" and "every" and shall be construed to mean "all and each" and "each and every," so as to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. As used herein, "and," "or," and "and/or" shall be construed both disjunctively or conjunctively as necessary to bring within the scope of the discovery all information that would be responsive under a conjunctive reading in addition to all information that would be responsive under a disjunctive reading.

13. As used herein, "Complaint" means the Complaint, or if applicable, the last amended Complaint filed by Plaintiff in this action.

14. As used herein, "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

15. As used herein, "concerning" means relating to, referring to, describing, evidencing, or consulting.

16. As used herein, "date" means the exact day, month, and year, if ascertainable. If they are not ascertainable, provide the best approximation thereof and identify such date as an approximation.

17. As used herein, "document" shall be construed in its broadest sense, has the full meaning ascribed to it in Federal Rule of Civil Procedure 34(a), and includes without limitation any and all means of conveying, storing, or memorializing information, whether in paper or other

tangible physical form or in electronic form, in possession, custody, or control. Each draft, revision, comment, addition, deletion, or non-identical copy is a separate document within the meaning of these terms.

18. As used herein, "including" and "includes" are to be construed to mean "including, but not limited to."

19. As used herein, "person" means any natural person or any business, legal, or governmental entity or association, and includes both the singular and the plural.

20. As used herein, "Party" means Plaintiff(s) or Defendant(s), based on the context of the sentence in which it is used, and "Parties" means Plaintiff(s) and Defendant(s).

21. As used herein, "identify," "state" or "state all facts" means to provide all facts discoverable under Rule 26(b), Federal Rules of Civil Procedure that are known to Respondent.

## II.   **INSTRUCTIONS**

1. These definitions and instructions apply to each Request and are incorporated by reference into each Request. The Requests must be read in light of these definitions and instructions, and Your responses must be responsive to the requests as so defined.

2. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, You shall produce the requested Documents in their files as they are kept in the usual course of Your business or shall organize and label the produced Documents to correspond with the categories set forth in the Requests.

3. Wherever any Request calls for information, for the production of a document, a thing, or an oral communication that You claim to be privileged or immune from discovery as work product or on any other ground, Defendant requests, pursuant to Rule 26(b)(5) of the Federal

Rules of Civil Procedure, that You provide within thirty (30) days of service of these Requests a list:

    A.    identifying each particular Request to which You object, and each specific ground for Your objection and

    B.    specifying each withheld document or thing, or portion thereof as follows:

        1.    its date;

        2.    the general nature of the document or thing (e.g., whether it is a letter, chart, pamphlet, memorandum, etc.);

        3.    a summary of the contents or the general subject matter of the document or thing;

        4.    the identity of each other document or other thing transmitted with or attached to that allegedly privileged or discovery-immune document or thing;

        5.    its present location and the identity of its current custodian;

        6.    the identity of each person who authored, prepared, or signed the document or thing;

        7.    a listing identifying each person, including but not limited to addressees and designated copy recipients, to whom either the original or a copy of the document or thing has been disclosed, including the date and means of such disclosure; and

        8.    the nature of the privilege, immunity, or other rule of law relied upon to withhold the information, document, or thing, and the facts supporting Your asserted reliance.

Any purportedly privileged or discovery-immune information that contains matter that is not privileged or immune from discovery should be produced with the purportedly privileged or discovery-immune portion omitted.

4. You must respond to each Request based upon Your entire knowledge available from all sources, including all information in Your possession or that of Your agents, employees, attorneys, accountants, investigators, and/or other persons acting or purporting to act on Your behalf.

5. Please produce electronically stored information consistent with the Order Regarding E-Discovery.

6. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document produced in response thereto, You shall identify the request in response to which the document is being produced.

7. These Requests seek all responsive documents in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

### III. REQUESTS FOR PRODUCTION

1. Documents and Communications related to Cozy's board meeting agendas, meeting minutes, shareholders and investors.

2. Documents and Communications related to Cozy's business proposals, business plans, valuations, and operations.

3. Documents and Communications related to Cozy's research, development, testing, formulation, registration, marketing, licensing, and sales or attempted sales of any

    prototype device(s) or product incorporating the technology described in any of the Patents-in-Suit.

4. Documents and Communications related to any of the Patents-in-Suit, including without limitation any applications, drafts of applications, certificates of correction, or application data sheets.

5. Documents and Communications related to Dr. Rajiv Menon.

6. Documents and Communications related to Dorel.

7. Documents and Communications concerning Air Protect and Air Protect Technology.

# Attachment 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| Cozy, Inc. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | )   Civil Action No. 21-cv-10134-JGD |
| | ) |
| Dorel Juvenile Group, Inc. | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Travis Brown

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Barnes & Thornburg LLP, 1717 Pennsylvania Avenue N.W., Suite 500, Washington, D.C. 20006 | Date and Time: 11/8/2022, 10:00 a.m. ET |
|---|---|

The deposition will be recorded by this method: _stenographically and also may be video recorded_

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/3/2022

| *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Alison Casey |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dorel Juvenile Group, Inc. , who issues or requests this subpoena, are:

Alison Casey, Barnes & Thornburg, One Marina Park Dr., Ste 1530, Boston, MA 02210, acasey@btlaw.com 617-316-5322

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 21-cv-10134-JGD

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).